No. 867

ZORN v. COISEN et.

Ohio Appeals, 6th Dist., Erie Co.

No. 252. Decided Nov. 14, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**677. JUDGMENTS AND DECREES.—** Judgment should be sufficient in itself and not defer to memory and recollection of one of the

parties, as to what shall constitute compliance therewith.

Error to Common Pleas.
Judgment reversed.

Henry Hart and W. J. Mead, Sandusky, for Zorn.

Young & Young, Norwalk, for Coisen et.

FULL TEXT.

LLOYD, J.

The action in the court of common pleas involved the ownership of and right of possession to a certain strip of real estate located between the residences of plaintiff in error and defendants in error, the recorded title to which plaintiff in error seems to have claimed by virtue of a deed to him therefor, and which defendants in error also claimed by deed and by adverse possession.

The plaintiff in error had a survey made of the premises in dispute and thereafter tore down a fence which, for many years theretofore, had been located therein between the houses of plaintiff in error and defendants in error and constructed another some thirty feet nearer the house of defendants in error, upon the line fixed by the survey. The evidence presented at the trial was in conflict as to the original location of the old fence which plaintiff in error had removed.

At the conclusion of the evidence the trial court found in favor of defendants in error and ordered plaintiff in error to remove the fence so erected by him, and "to restore the old fence to its former location and condition," but failed to find or to designate where it was to be placed. No error is claimed, and we find none, other than that the judgment and decree of the court is silent as to this disputed question, and plaintiff in error is therefore unable to comply therewith. The truth of this criticism is apparent, it being evident that the judgment and decree of the court, as journalized, is unenforcible. A judgment should be sufficient in itself and not defer to the memory and recollection of one of the parties, as to what shall constitute compliance therewith.

The judgment and decree is reversed and the cause remanded to the court of common pleas for furthr proceedings according to law.

(Richards and Williams, JJ., concur.)